*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 3, 2020

Plaintiff-Appellee,

v

No. 339020
Monroe Circuit Court
LC No. 16-243183-FH

SHANE JEREMY HAWKINS,

Defendant-Appellant.

ON REMAND

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

At issue on remand is whether defense counsel's failure to object when the investigating detective vouched for the complainant's credibility (which amounted to deficient performance) prejudiced defendant thereby requiring a new trial. The Supreme Court determined that although we "quoted the 'reasonable probability' standard for determining prejudice in ineffective assistance of counsel cases," we "did not clearly apply this standard" and remanded for further consideration. *People v Hawkins*, ___ Mich ___ (Docket No. 159215, 2019).

Although we accurately and fully described the prejudice standard at the onset of our analysis in *People v Hawkins*, unpublished per curiam opinion of the Court of Appeals, issued January 17, 2019 (Docket No. 339020), slip op at 6, we did not repeat the prejudice standard provided in *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ("there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"), when analyzing each claim of error. To clarify that we applied this standard to the issue in question, we now include the emphasized language to our analysis:

> One testifying witness may not comment on the credibility of another witness. *People v Douglas*, 496 Mich 557, 583; 852 NW2d 587 (2014); *People v Musser*, 494 Mich 337, 348-349; 835 NW2d 319 (2013); [*People v*] *Dobek*, 274

-1-

Mich App [58, 71; 732 NW2d 546 (2007)]. In *Douglas*, 496 Mich at 583, for example, the Michigan Supreme Court found improper investigator testimony that the child sex abuse victim's "allegations had been substantiated" and that, "based on the disclosures made at Care House, there was no indication that [the victim] was coached or being untruthful[.]" Detective Boczar's testimony crossed the line of propriety; he asserted that as he could not disprove the allegations by tripping up the victim, it was likely that the events did occur and that BW's story "seemed authentic." And defense counsel did not object.

To warrant relief, however, the failure of defense counsel to object must have resulted in prejudice. The improper testimony in this case was very brief and was rather mild. In *Douglas*, the Supreme Court found that a new trial was required, but the improper testimony in that case was overwhelming. Like this case, *Douglas* was a credibility contest with no physical evidence. See *id*. at 562-563. But the trial court in *Douglas* erroneously admitted hearsay evidence against the defendant. *Id*. at 576. And three separate witnesses vouched for the credibility of the five-year-old victim (or disparaged the credibility of the defendant) in *Douglas*—a detective, a child protective services worker, and a child forensic interviewer. *Id*. at 563. **Detective Boczar's improper testimony played only a minor role at the trial, and its admission does not undermine our confidence in the jury's verdict.** Rather, he described how he tried to disprove BW's allegations through strategic interview questions and then opined that her statements "seemed" authentic. The jury also heard from BW and from defendant and were able to independently assess the credibility of the witnesses. **Moreover, the challenged testimony was not discussed again at any point in the trial; neither party mentioned it in closing. Considering the record in its entirety, the brevity of the problematic testimony, and comparing the challenged testimony to that in** *Douglas***, there is not "a reasonable probability that but for counsel's" failure to object "the result of the proceeding would have been different."** *Strickland***, 466 US at 694.** We therefore discern no ground to return this matter to the trial court.

We again affirm defendant's convictions.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien